United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

SERGEY FIRSOV,

Plaintiff,

v.

SWISS INTERNATIONAL AIR LINES LTD., et al.,

Defendants.

Case No. 25-cv-08824-PHK

**ORDER DENYING PLAINTIFF FIRSOV'S MOTION FOR RECONSIDERATION**

Re: Dkt. 22

On October 10, 2025, Plaintiff Sergey Firsov, who is representing himself *pro se* in this action, filed an initial Complaint and an application to proceed *in forma pauperis* ("IFP"). *See* Dkts. 1, 2. Shortly thereafter, on October 20, 2025, Plaintiff filed an amended Complaint and amended IFP application. *See* Dkts. 6, 7. On June 3, 2026, the Court denied Plaintiff's IFP application for failure "to provide sufficiently consistent and detailed facts regarding his assets and liabilities to warrant granting his IFP application." [Dkt. 21 at 1]. Familiarity with that Order is assumed for purposes of the instant motion. In the June 3 Order, the Court instructed Plaintiff that should he "wish[] to proceed in this action, he **SHALL** pay the filing fee, in full, by **June 22, 2026**." *Id.* at 7. Rather than paying the filing fee, on June 10, 2026, Plaintiff filed a motion for reconsideration of the Court's June 3, 2026, Order denying his IFP application. [Dkt. 22].

Now before the Court is Plaintiff's motion for reconsideration. [Dkt. 22]. For the reasons stated herein, Plaintiff's motion for reconsideration is **DENIED**.

As an initial matter, Plaintiff's motion is procedurally improper. In the Northern District of California, a motion for reconsideration requires leave of Court. "Before the entry of a judgment . . . any party may make a motion before a Judge requesting that the Judge grant the party leave to file

a motion for reconsideration," however "[n]o party may notice a motion for reconsideration without first obtaining leave of Court to file the motion."  L.R. 7-9(a).  Here, Plaintiff filed a motion for reconsideration **without** first obtaining leave of Court to file the motion.  Plaintiff failed to comply with Civil Local Rule 7-9.  The motion is thus procedurally improper and is deficient on this basis alone.

Even putting aside the procedural impropriety, the motion for reconsideration is substantively deficient.  A party moving for reconsideration must show either "(1) [t]hat at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought . . . ; or (2) [t]he emergence of new material facts or a change of law occurring after the time of such order; or (3) [a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order."  L.R. 7-9(b)(1)-(3).

Here, the motion does not raise a material difference in law or fact from that which was originally presented on the original motion.  Nor does the motion even attempt to demonstrate (much less demonstrate) that, in the exercise of reasonable diligence, Plaintiff did not (at the time of the Order denying IFP) know of the facts or law cited in the motion for reconsideration.  Thus, plaintiff's motion for reconsideration is substantively deficient under Civil Local Rule 7-9(b)(1) and (2).

Further, the motion for reconsideration attempts to cite three cases dating from 2003, 2004, and 2014 respectively, each purportedly from outside the Ninth Circuit.  [Dkt. 22 at 2].  As such, each of those cases is non-binding precedent and no reason is given as to why they should be found persuasive.  Additionally, the citations provided are woefully incomplete, with just the party names, the circuit, and the year.  *Id.*  Even liberally construing the motion, the Court is unable to find the case cited as "Rosa v. Doe" from the Second Circuit in 2003, or any case with a variation on those party names involving an IFP application.  Further, because these cases are all several years old, they plainly do not present any changes or differences in the law from the date of the original IFP application as compared to the date of the motion for reconsideration.  Finally, Plaintiff provides no reasons why, in the exercise of diligence, he was unable to locate and cite these three cases (which all predate this lawsuit) in the underlying IFP application.  As such, the legal arguments presented

in the motion for reconsideration are unavailing, unsupported, and unpersuasive.

Accordingly, for all the reasons discussed herein, the Court **DENIES** Plaintiff Firsov's motion for reconsideration. [Dkt. 22]. If Plaintiff wishes to proceed in this action, he **SHALL** pay the filing fee, in full, by **July 20, 2026**.

If Plaintiff fails to pay the filing fee by the July 20, 2026, deadline set herein, Plaintiff is on notice that this will result in negative consequences for this lawsuit.  Failure to obey this Order and failure to pay the filing fee will result in the issuance of a Report and Recommendation that this action be dismissed for failure to comply with court orders and failure to comply with the law requiring payment of filing fees by plaintiffs.  In that event, the Court will issue an Order directing the Clerk of Court to reassign this action to a district judge for consideration of and to take action on that Report and Recommendation.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff at his address of record.

This **RESOLVES** Dkt. 22.

**IT IS SO ORDERED.**

Dated: July 8, 2026

_____
PETER H. KANG
United States Magistrate Judge

United States District Court
Northern District of California

3